FILED
IN CLERK'S OF
U.S. DISTRICT COUI

★ NOV 12 ;

BROOKLYN OFFICE

SLT:MPR
F. #2013R01481/OCDETF #NYNYE-753

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JUAN CARLOS NAVA VALENCIA,
    also known as "Tigre,"

           Defendant.

- - - - - - - - - - - - - - -X

INDICTMENT

Cr. No. **CR 15      583**

(T. 21, U.S.C., §§ 848(a), 848(b), 848(c),
  853(a), 853(p), 959(a), 959(c),
  960(b)(1)(B)(ii) and 963; T. 18, U.S.C.,
  §§ 3238 and 3551 et seq.)

**KUNTZ, J.**

**KUO, M.J.**

THE GRAND JURY CHARGES:

## INTRODUCTION

At all times relevant to this Indictment, unless otherwise indicated:

1.    Beginning in the 1990s, the defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," became one of the leaders of a drug trafficking organization (the "NAVA VALENCIA DTO"), which has been known by various names, including the Millennium Cartel and La Resistencia. The NAVA VALENCIA DTO controlled a vast narcotics transportation network involving the use of land, air and sea transportation methods and shipped multi-ton quantities of cocaine from South America through Central America and Mexico to the United States. In conducting its drug trafficking operations, the NAVA VALENCIA DTO collaborated with other Mexican cartels, including the Sinaloa Cartel, which is one of Mexico's largest and most violent cocaine cartels.

2.      The defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," invested in multi-ton cocaine shipments and oversaw the receipt of these drug shipments in Central America and Mexico.  These cocaine shipments were ultimately destined for distribution in the United States.

COUNT ONE
(Continuing Criminal Enterprise)

3.      The allegations contained in paragraphs one through two are realleged and incorporated as if fully set forth in this paragraph.

4.      On or about and between January 1, 2000 and November 12, 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," together with others, did knowingly and intentionally engage in a continuing criminal enterprise, in that the defendant JUAN CARLOS NAVA VALENCIA committed violations of Title 21, United States Code, Sections 959(a), 960 and 963, including Violations One through Four set forth below, which violations were part of a continuing series of violations of those statutes undertaken by the defendant JUAN CARLOS NAVA VALENCIA in concert with five or more other persons, with respect to whom the defendant JUAN CARLOS NAVA VALENCIA occupied a position of organizer, supervisor, and any position of management, and was one of several principal administrators, organizers and leaders of the continuing criminal enterprise, and from which continuing series of violations the defendant JUAN CARLOS NAVA VALENCIA obtained substantial income and resources, and which enterprise received in

2

excess of $10 million in gross receipts during one or more twelve-month periods for the manufacture, importation and distribution of cocaine. Each violation involved at least 300 times the quantity of a substance described in Section 841(b)(1)(B) of Title 21, United States Code, to wit: 150 kilograms or more of a substance containing cocaine. The continuing series of violations, as defined by Title 21, United States Code, Section 848(c), includes the following violations set forth below:

## Violation One
(International Cocaine Distribution Conspiracy)

5.      On or about and between January 1, 2000 and November 12, 2015, both dates being approximate and inclusive, within the extraterritorial jurisdiction of the United States, the defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," together with others, did knowingly and intentionally conspire to distribute 150 kilograms or more of a substance containing cocaine, a Schedule II controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3), 960(b)(1)(B)(ii) and 963.

## Violation Two
(International Cocaine Distribution –
Approximately 1,600 Kilograms of Cocaine)

6.      On or about March 31, 2007, within the extraterritorial jurisdiction of the United States, the defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," together with others, did knowingly and intentionally distribute a controlled substance,

3

intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Three
(International Cocaine Distribution –
Approximately 23,000 Kilograms of Cocaine)

7. On or about October 31, 2007, within the extraterritorial jurisdiction of the United States, the defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United States from a place outside thereof, which offense involved five kilograms or more of a substance containing cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18, United States Code, Section 2.

### Violation Four
(International Cocaine Distribution –
Approximately 4,500 Kilograms of Cocaine)

8. In or about April 2009, within the extraterritorial jurisdiction of the United States, the defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," together with others, did knowingly and intentionally distribute a controlled substance, intending and knowing that such substance would be unlawfully imported into the United

4

States from a place outside thereof, which offense involved five kilograms or more of a

substance containing cocaine, a Schedule II controlled substance, in violation of Title 21,

United States Code, Sections 959(a), 959(c), 960(a)(3) and 960(b)(1)(B)(ii), and Title 18,

United States Code, Section 2.

(Title 21, United States Code, Sections 848(a), 848(b) and 848(c); Title 18,

United States Code, Sections 3238 and 3551 et seq.)

<u>COUNT TWO</u>
(International Cocaine Distribution Conspiracy)

9. The allegations contained in paragraphs one through two are realleged

and incorporated as if fully set forth in this paragraph.

10. On or about and between January 1, 2000 and November 12, 2015, both

dates being approximate and inclusive, within extraterritorial jurisdiction of the United States,

the defendant JUAN CARLOS NAVA VALENCIA, also known as "Tigre," together with

others, did knowingly and intentionally conspire to distribute a controlled substance, intending

and knowing that such substance would be unlawfully imported into the United States from a

place outside thereof, which offense involved a substance containing cocaine, a Schedule II

controlled substance, contrary to Title 21, United States Code, Section 959(a) and 960(a)(3).

The amount of cocaine involved in the conspiracy attributable to the defendant as a result of

5

his own conduct, and the conduct of other conspirators reasonably foreseeable to him, was at least five kilograms or more of a substance containing cocaine.

(Title 21, United States Code, Sections 959(c), 960(b)(1)(B)(ii) and 963; Title 18, United States Code, Sections 3238 and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNT ONE
(Continuing Criminal Enterprise)

11.    The United States hereby gives notice to the defendant charged in Count One that, upon conviction of the offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853(a), which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense, and any of their interest in, claims against, and property or contractual rights affording a source of control over, the continuing criminal enterprise, including but not limited to at least approximately a sum of money equal to $1 billion in United States currency.

12.    If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)    cannot be located upon the exercise of due diligence;

(b)    has been transferred or sold to, or deposited   with, a third party;

(c)    has been placed beyond the jurisdiction of the court;

(d)    has been substantially diminished in value; or

6

(e)     has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

## CRIMINAL FORFEITURE ALLEGATION
## AS TO COUNT TWO
(International Cocaine Trafficking)

13.     The United States hereby gives notice to the defendant charged in Count Two that, upon conviction of the offense, the government will seek forfeiture in accordance with Title 21, United States Code, Section 853, which requires any person convicted of such offense to forfeit any property constituting, or derived from, proceeds obtained, directly or indirectly, and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offense including but not limited to at least approximately a sum of $1 billion in United States currency.

14.     If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the court;

(d)     has been substantially diminished in value; or

7

(e)     has been commingled with other property which cannot be

divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to

seek forfeiture of any other property of the defendant up to the value of the forfeitable property

described in this forfeiture allegation.

(Title 21, United States Code, Sections 853(a) and 853(p))

A TRUE BILL

_Robert Heffern_
FOREPERSON

ROBERT L. CAPERS
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

8